UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| LIOR ATIYAS, | : |
|                Petitioner, | : |
|     -against- | :   **MEMORANDUM OF DECISION** |
| STOVER, | :   23-CV-1132 (VDO) |
|                Respondent. | : |

---

**VERNON D. OLIVER**, United States District Judge:

Petitioner Lior Atiyas is a federally sentenced inmate incarcerated at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). He brings this action *pro se* and *in forma pauperis* under 28 U.S.C. § 2241 challenging his medical care. In response to the Court's, Dooley, U.S.D.J., order to show cause, the respondent has filed a response and motion to dismiss the petition. The respondent argues that the petitioner failed to exhaust his administrative remedies before commencing this action and has received constitutionally adequate medical care. For the following reasons, the petition is dismissed for failure to exhaust administrative remedies.

## I.   BACKGROUND

On November 20, 2020, the petitioner pleaded guilty to charges of conspiracy to commit wire fraud and conspiracy to commit health care fraud. *See Atiyas v. Stover*, No. 3:22-cv-0079(KAD), 2023 WL 7307956, at *1 (D. Conn. Oct. 2, 2023). On July 14, 2022, the petitioner was sentenced in the United States District Court for the District of New Jersey to a term of imprisonment of twenty-two months. Pet., Doc. No. 1, ¶ 4. He is currently confined at FCI Danbury. *Id*. ¶ 2

The petitioner alleges that, prior to his incarceration, he suffered two heart attacks and has four stents in his heart. Doc. No. 1 at 7. He also alleges that he has been diagnosed with coronary artery disease and unstable angina, which caused him to lose consciousness and suffer a skull fracture before he was incarcerated. *Id.*

On July 7, 2023, the petitioner fainted and was taken to Danbury hospital. *Id.* The hospital recommended re-evaluation within a week, but that did not occur. *Id.* On July 18, 2023, the petitioner was again taken to Danbury Hospital in response to complaints of chest pain. *Id.* The petitioner alleges that the doctors suspected a blockage that would require surgery, but the petitioner refused treatment preferring to be treated by his own doctor upon release to a Residential Re-entry Center. *Id.* The plaintiff also references delays in receiving prescribed medication and failure to check his blood pressure daily. *Id.*

**II.     LEGAL STANDARD**

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to section 2241 may be used to challenge the execution of a prison sentence. Thus, section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006).

Before filing a habeas petition pursuant to section 2241, prisoners are required to exhaust internal grievance procedures. *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). "Although § 2241 does not explicitly require exhaustion of administrative remedies, in this Circuit, exhaustion of administrative remedies is generally a prerequisite to habeas corpus relief under § 2241." *Tashbrook v. Petrucci*, No. 20-CV-5318(KMK)(PED), 2022 WL 884974, at *5 (S.D.N.Y. Mar. 25, 2022) (citation and internal quotation marks omitted).

The burden of demonstrating that administrative remedies have been exhausted rests on the petitioner. *See Cardoza v. Pullen*, No. 3:22-CV-00591(SVN), 2022 WL 3212408, at *5 (D. Conn. Aug. 9, 2022).

### III.   **DISCUSSION**

The respondent contends that the petitioner has not satisfied his exhaustion requirement under the judicially imposed requirement or under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Whether the PLRA applies to section 2241 petitions is an open question in this circuit. *See Dimartino v. Sage*, No. 3:21-cv-00498(KAD), 2022 WL 124308, at *3 (D. Conn. Jan. 13, 2022) (noting that the Second Circuit "confirmed that whether the PLRA applies to § 2241 petitions remains an unanswered question" (quoting *Jones v. Smith*, 720 F.3d 142, 147 n.3 (2d Cir. 2013)). In *Dimartino*, the court applied the PLRA exhaustion requirement to a section 2241 petition challenging conditions of confinement. *Id*. at *5. However, other courts have disagreed. *See, e.g., Poltenson v. United States*, No. 3:23CV479(VLB), 2023 WL 7130241, at *1 n.2 (D. Conn. Oct. 29, 2023) (declining to apply PLRA exhaustion requirement in section 2241 action) (citing cases); *Zenquis v. Pullen*, No. 3:22-CV-1151(SVN), 2023 WL 2931585, at *1 n.1 (D. Conn. Apr. 13, 2023) (declining to apply PLRA exhaustion requirement to claim for deprivation of medical care asserted in section 2241 petition as "[t]here is no statutory requirement that an inmate exhaust administrative remedies before filing a habeas petition pursuant to § 2241." (citations omitted)). Until such time as the Second Circuit resolves this issue, this Court declines to apply the PLRA exhaustion requirement in section 2241 actions. However, the judicially-imposed exhaustion requirement remains.

To exhaust his administrative remedies, the petitioner must comply with the four-step Administrative Remedy Program established by the Bureau of Prisons ("BOP").

> Available to all federal prison inmates is an internal, four-step administrative grievance procedure adopted by the BOP for the stated purpose of "allow[ing] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." ... The first step of the prescribed process entails making an effort to obtain an early resolution of the matter by raising the issue informally to staff.... In the event this avenue does not lead to a successful resolution, the inmate next may submit a formal written [Administrative Remedy ("AR")] to the warden of the particular facility involved, utilizing a designated BP-9 form, within twenty days of the relevant event.... If the AR is denied, an appeal may be taken to the appropriate BOP Regional Director within twenty calendar days of the date of denial.... As a fourth and final step, an unfavorable decision from the Regional Director may be appealed to the General Counsel's office (also referred to as the "Central Office" ... within thirty days of the date on which the Regional Director rejects the inmate's appeal.

*Green v. Christensen*, No. 9:22-CV-1307(BKS), 2023 WL 4364186, at *3 (N.D.N.Y. July 6, 2023) (citation omitted); *see also* 28 C.F.R. §§ 542.10 – 542-19. Thus, "[u]ntil the BOP's Central Office considers the appeal, no administrative remedy is considered to be fully exhausted." *Id*. (citation and internal quotation marks omitted).

"Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds." *Carmona,* 243 F.3d at 634; *see also Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) ("The exhaustion requirement protects the authority of administrative agencies, limits interference in agency affairs, develops the factual record to make judicial review more efficient, and resolves issues to render judicial review unnecessary.") (cleaned up).

Failure to exhaust administrative remedies results in a procedural default. *Carmona*, 243 F.3d at 634. Where "legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies," the "cause and prejudice" standard may excuse the prisoner's procedural default. *Id.* The inmate may show that exhausting administrative remedies

4

"would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue," or that the exhaustion process is "incapable of granting adequate relief." *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 437 (D. Conn. 2020).  The inmate can demonstrate prejudice where there is "an unreasonable or indefinite timeframe for administrative action." *Id.*  If the inmate has not exhausted his administrative remedies and cannot meet the cause and prejudice standard for failing to do so, the petition must be denied.  *See Groysman v. Baird*, No. 16-CV-4218(PKC), 2016 WL 4097087, at *2 (E.D.N.Y. Aug. 1, 2016).

The petitioner concedes that he did not exhaust his administrative remedies.  He argues that exhaustion should be excused on grounds of futility because he thought he would be released from custody no later than February 12, 2024, and he believes that the exhaustion process could take three months or more.  He also contends that the BOP has predetermined his issue but provides no evidence to support that assumption.

Courts considering claims of futility have found that futility exists only "where there is a 'complete absence of a mechanism for correction of the alleged unconstitutional violation' or the petitioner is 'precluded by an unconscionable breakdown from using the process that exists.'" *Jordan v. Bailey*, 985 F. Supp. 2d 431, 437 (S.D.N.Y. 2013).  Courts considering attempts to excuse exhaustion on the grounds of futility based on the time required to complete the exhaustion process have denied relief.  *See Unger v. United States*, No. 02 CV 4240, 2007 WL 3353515, at *3 (E.D.N.Y. Nov. 9, 2007) ("the impending deadline of his transfer and the need for expeditious review is not sufficient cause to 'vitiate the requirement that he exhaust his administrative remedies'" and noting that excusing exhaustion for lack of time would imply that petitioner's claim is meritorious and he is entitled to the relief he seeks) (quoting *Gonzalez v. Perrill*, 919 F.2d 1, 2 (2d Cir. 1990) (per curiam)); *accord Rosa v. Commissioner of Corr.*, No.

3:22-CV-1226(SVN), 2023 WL 4491760, at *4 (D. Conn. July 12, 2023) (holding that exhaustion of state court remedies was not futile where challenged sentence might be completed before state court could resolve state habeas action) (citing cases).

The administrative remedy process was available to address the petitioner's claims. Thus, exhaustion was not futile. Further, even assuming the petitioner's time frame is correct, his claims date from July 2023. Thus, even if he were correct that the exhaustion process would take three or four months, he still would have been able to complete the process before what he then believed to be his release date. As the petitioner has not exhausted his administrative remedies, the petition must be dismissed.

## IV.   CONCLUSION

The petition for writ of habeas corpus [Doc. No. 1] is **DISMISSED** on the ground that the petitioner failed to exhaust his administrative remedies before commencing this action. The Clerk is directed to close the case.

**SO ORDERED.**

Hartford, Connecticut
January 30, 2024

    /s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge